State v. Logan

A. No."

STATE OF NORTH CAROLINA v. WILLIAM LOGAN

No. 7426SC669

(Filed 6 November 1974)

1. Searches and Seizures § 3— probable cause defined

Probable cause, as used in the Fourth Amendment and G.S. 15-25(a), means a reasonable ground to believe that the proposed search will reveal the presence upon the premises to be searched of the objects sought and that those objects will aid in the apprehension or conviction of the offender.

2. Searches and Seizures § 3— confidential informant — sufficiency of affidavit for search warrant

Affidavit for a search warrant based on information received from a confidential informant sufficiently informed the magistrate

of the underlying circumstances from which the informer concluded that the narcotics were in a certain motel room where it stated that the informant had been to the motel room some four hours earlier and had seen heroin and marijuana, he had seen other people purchase heroin and marijuana from defendant, defendant offered to sell him marijuana and heroin, and the informant knew what the drugs looked like because he had used them for several years; furthermore, the affidavit contained sufficient information for the magistrate to conclude that the informant was credible and his information reliable where it stated that the affiant had known the informant for six months and had used his information on prior occasions to compare with that of other informers, that his information had helped to arrest two other people who were awaiting trial, and that his information had been used in cases still under investigation.

**3. Narcotics § 4— narcotics in motel room — constructive possession**

The State's evidence was sufficient to be submitted to the jury on issues of defendant's guilt of possession of heroin and possession of marijuana where it tended to show that defendant was registered in a motel room under another name, that when officers entered the motel room defendant and another person were in one of the two beds in the room, and that heroin and marijuana were found under the mattress of the unoccupied bed.

**4. Narcotics § 4.5— constructive possession — control of premises — instructions**

The trial court did not err in instructing the jury that if it should find that defendant was in control of the premises where heroin was found, it could infer that he knowingly possessed the heroin.

APPEAL by defendant from *Ervin, Judge,* 11 February 1974 Schedule B Criminal Session of Superior Court held in MECKLENBURG County.

Defendant was charged in separate bills of indictment with (1) possession of heroin and (2) possession of marijuana with intent to distribute on 24 April 1973. He pleaded not guilty to all charges. A jury found him guilty of possession of heroin and simple possession of marijuana. From judgment imposing prison sentences, he appealed.

*Attorney General James H. Carson, Jr., by Assistant Attorney General Charles M. Hensey, for the State.*          .

*Paul J. Williams for the defendant appellant.*

BRITT, Judge.

Defendant's first and sixth assignments of error are deemed abandoned since they are not set out in his brief and no reason or argument is stated, or authority cited, with respect to them. Rule 28, Rules of Practice in the Court of Appeals.

By his second assignment of error, defendant challenges the validity of the search warrant under which the officers searched his motel room and the admission into evidence of the heroin and marijuana found as a result of the search. The warrant described with reasonable certainty the premises to be searched and the evidence for which the search was to be made, as required by G.S. 15-26(a). It was issued by a magistrate and bore the date and hour of its issuance, as required by G.S. 15-26(c). The question presented is whether the affidavit upon which the search warrant was issued indicates a sufficient basis for the finding of probable cause. If it does, the search warrant was valid and the fruits of the search were competent evidence; if not, the fruits of the search were incompetent. G.S. 15-27(a).

[1] Probable cause, as used in the fourth amendment and G.S. 15-25(a), means a reasonable ground to believe that the proposed search will reveal the presence upon the premises to be searched of the objects sought and that those objects will aid in the apprehension or conviction of the offender. *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971).

Whether the affidavit is sufficient to show probable cause must be determined by the issuing magistrate rather than the affiant. This is constitutionally required by the fourth amendment. *Johnson v. United States,* 333 U.S. 10, 92 L.Ed. 436, 68 S.Ct. 367 (1948).

In *State v. Vestal, supra,* pages 576-77, Justice Lake, quoting from *Aguilar v. Texas,* 378 U.S. 108 (1964), set out the twofold test for probable cause as follows:

" . . . [T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the [articles to be searched for] were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, . . . was 'credible' or his information 'reliable.' "

The affidavit upon which the search warrant in this case was obtained reads as follows:

"H. F. Frye Officer Charlotte-Mecklenburg Vice Control Bureau, being duly sworn and examined under oath, says under oath that he has reliable information and reasonable cause to believe that William Logan has on his

premises—room 106 Horne's Motel controlled substances, to wit: Marijuana and heroin in violation of the North Carolina law. These illegally possessed controlled substances are located on the premises—1240 S. I-85 Charlotte, N. C. described as follows: a brick motel named Horne's located at 1240 S. I-85 room 106 to be searched. The facts which establish reasonable grounds for issuance of a search warrant are as follows: I received information from an informer that William Logan is in room 106 at Horne's Motel at I-85 and Freedom Dr. and is selling marijuana and heroin at this room. This informer said that he has been in this room in the last four hours and has seen this marijuana and heroin. He said that Logan offered to sell him some and that he saw several other people buy some from Logan. This informer is well aware of what both drugs are and has admitted to me that he has used both for several years. This informer said that he has known Logan for a long time and has bought drugs from him many times in the past. He said that he bought from him when he lived off Remount Rd. and from his house in Hidden Valley.

"I HAVE USED THIS INFORMER'S INFORMATION FOR APPROX. SIX MONTHS AND DURING THAT TIME HAVE USED HIS INFORMATION TO COMPARE WITH THAT OF OTHER INFORMERS. HIS INFORMATION HELPED IN THE ARREST OF PRIMUS CROSBY AND PAUL JACKSON. BOTH OF THESE ARE NOW AWAITING TRIAL IN MECKLENBURG COURTS. HIS INFORMATION HAS ALSO BEEN USED IN CASES STILL UNDER INVESTIGATION. (Emphasis added.)

"William Logan is well known to the Vice Squad and he has three cases pending for marijuana and is out on appeal for possession of heroin.

"Due to the facts in this affidavit I believe I have good and reasonable cause to ask for this search warrant.

"Logan is registered in this room as James Dunlap."

At the voir dire hearing to determine the validity of the search warrant, the officer who signed the affidavit presented evidence which tended to show that he was the sole witness who appeared before the magistrate at the time the search warrant was issued. He stated that he did not remember giving the magistrate any information other than that contained in the affidavit and he could not recall any questions that the magis-

trate asked. The magistrate also testified that he could not remember asking questions about the reliability of the past information that the informer had given the officer. Therefore, a finding of probable cause in this case must be based solely upon the allegations in the affidavit.

[2]  As to the first requirement of probable cause, that the magistrate must be informed of the underlying circumstances from which the informer concluded that the contraband to be seized was in the motel room, it is clear that the affidavit was sufficient. The informant had been to the motel room four hours earlier and had seen the heroin and marijuana; he had seen other people purchase marijuana and heroin from the defendant; the defendant had offered to sell him some marijuana and heroin; and, the informant knew what marijuana and heroin looked like because had used them for several years.

Defendant contends that the affidavit did not contain sufficient information for the magistrate to conclude that the informant was credible or his information reliable. We disagree with this contention. The affidavit reveals that the officer had known the informant for six months; that the officer had used his information on prior occasions to compare with that of other informers; that his information had helped to arrest two other people who were awaiting trial; and that his information had been used in cases still under investigation. We think that this is sufficient information to conclude that the informant is credible and reliable.

In defendant's third and fourth assignments of error, he contends the court erred in not granting his motions for nonsuit at the close of the State's evidence and at the close of all the evidence. The question for the court is whether there is substantial evidence of each essential element of the offenses charged or of a lesser included offense, and of the defendant's being the perpetrator of the crime. If there is substantial evidence, the motion is properly denied. *State v. Vestal, supra.*

[3]  The State's evidence tended to show: That from reliable and credible information, officers believed that defendant was in room 106 at Horne's Motel at S. I-85 in Charlotte registered in the name of Logan or James Dunlap; that upon arriving at the motel, the defendant's car was seen; that the register was checked to determine which room defendant was registered in; that defendant was not registered in his name but as James Dunlap; that a picture of defendant was shown to the desk

clerk to see if he could identify defendant; that the name of James Dunlap was registered for room 106; that one officer watched the room for about an hour and saw several people come and go, but not the defendant; that when another officer arrived with the search warrant, the officers went to room 106, knocked on the door, and when no one answered they opened the door with a pass key; that defendant and a woman were in one of the two beds in the room; that there was a .38 caliber revolver on the table between the beds; that heroin and marijuana were found under the mattress of the unoccupied bed; that $98 was taken from defendant's wallet.

Defendant was charged with possession of heroin and possession of marijuana with intent to distribute. Possession of narcotics was defined in *State v. Harvey*, 281 N.C. 1, 12-3, 187 S.E. 2d 706, 714 (1972), as follows:

"An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. Also, the State may overcome a motion to dismiss or motion for judgment as of nonsuit by presenting evidence which places the accused 'within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession.'" (Citations omitted.)

We hold that the evidence was sufficient to survive the motions for nonsuit.

[4]   By his fifth assignment of error, defendant challenges the court's instruction that if the jury should find that the defendant was in control of the premises, they could infer that he knowingly possessed the heroin. The wording of this instruction finds support in *State v. Harvey, supra.* Therefore, we find no merit in the assignment.

We hold that the trial of the defendant was without prejudicial error.

· No error.

Judges CAMPBELL and VAUGHN concur.